# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT REA,**

        **Plaintiff,**

-vs-                                       **Case No.  6:04-cv-1629-Orl-KRS**

**COMMISSIONER OF SOCIAL
SECURITY,**

_____

## ORDER

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **UNCONTESTED PETITION FOR AWARD OF ATTORNEY'S FEES, EXPENSES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT 28 U.S.C. § 2412 (Doc. No. 25)** |
| **FILED:** | **October 12, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

      The plaintiff, Robert Rea, seeks an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  A final judgment reversing the decision below was entered on July 13, 2005.  Doc. No. 24.

      An EAJA application may be filed up to ninety days after entry of judgment.  *See Shalala v. Schaefer*, 509 U.S. 292, 303 (1993).[1]  Thus, the deadline for Rea to file his petition for EAJA fees was

---

[1] "An EAJA application may be filed until 30 days after a judgment becomes 'not appealable' – *i.e.*, 30 days after the time for appeal has ended. . . . Rule 4(a) of the Federal Rules of Appellate

October 11, 2005.  *See Johnson v. Apfel*, No. Civ. A. 00-0086-P-C, 2001 WL 303296, *1 (S.D. Ala. Mar. 14, 2001).  As noted above, the present motion was filed on October 12, 2005.  Doc. No. 25.

A claimant's failure to file a EAJA application timely precludes a district court from considering the merits of the application.  *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).  Though Congress did not intend for the deadlines imposed by the EAJA to be traps for the unwary, this Court has no jurisdiction to consider late-filed fee applications.  *Id.* at 668-69; *United States v. J.H.T., Inc.*, 872 F.2d 373, 376 (11th Cir. 1989); *see also Hill v. Apfel*, No. CIV. A. 980241-AH-S, 2000 WL 718810, at *2 (S.D. Ala. May 10, 2000) (denying EAJA fee petition because it was filed thirty-one days late, thereby precluding the court's jurisdiction to consider it).

Rea was required to file his petition for EAJA fees by October 11, 2005.  This he failed to do. Thus, the Court lacks jurisdiction to consider the present motion.

**DONE** and **ORDERED** in Orlando, Florida on October 14, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after 'entry of judgment,' . . . ."  *Schaefer*, 509 U.S. at 302 (internal citations omitted).

-2-